# CV 14        2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

TORIAN HYMAN,

                                        Plaintiff,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
OFFICER DIXON, Individually and in his official capacity as
a New York City Police Officer, NEW YORK CITY POLICE
DEPARTMENT 113TH PRECINCT, NEW YORK CITY
POLICE DEPARTMENT 105TH PRECINCT and "JOHN
DOES" and "JANE DOES", names being fictitious intended
to be New York City Police Officers, individually and in their
official capacity as New York City Police Officers,
                                        Defendants.
-----------------------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

VITALIANO, J.

Plaintiff, TORIAN HYMAN, by and through their attorneys, DRUMMOND &
SQUILLACE, PLLC state, upon information and belief, as follows:

## INTRODUCTION

1.      This is an action seeking compensation and damages pursuant to 42 U.S.C. §§ 1983,
1986, 1988 as well as for claims including, but not limited to, assault, battery, false imprisonment,
intentional infliction of emotional distress, negligent infliction of emotional distress, negligent
hiring, failure to intercede, neglect to act, negligent retention, negligent supervision, violation of civil
rights, harassment, abuse of authority, deviation and/or gross deviation from proper procedures,
malice, recklessness, carelessness, gross negligence, official misconduct, *respondeat superior* and
punitive damages sustained by Plaintiff TORIAN HYMAN, as a direct and proximate result of the
unconstitutional, tortuous, negligent, reckless, wanton, intentional and/or malicious acts, conduct
and/or omissions of the Defendants herein, in their use of excessive force, assault, battery, false
imprisonment, and infliction of emotional distress (both intentional and negligent) against the above
named Plaintiff. This action also seeks to recover punitive damages against the Defendants herein.

2.      On or about July 14, 2013, Plaintiff TORIAN HYMAN was lawfully travelling inside a motor vehicle within the vicinity of 140th Avenue and Rockaway Boulevard, Jamaica Queens, New York, State of New York, when POLICE OFFICER DIXON AND "JOHN and JANE DOES", of the NEW YORK CITY POLICE DEPARTMENT 105th and/or 113th PRECINCTS, names being fictitious intended to be New York City Police Officers, without a warrant, and without probable cause and/or any lawful basis, acting under color of law and in their official capacities as New York City Police Officers, directed the operator of the vehicle, in which Plaintiff was lawfully riding, to pull over. Once the operator of the vehicle in which the Plaintiff was riding complied with the police officers' order, direction, instruction and/or demand and the vehicle came to a stop within the vicinity of 140th Avenue and Rockaway Boulevard, Jamaica Queens, New York, POLICE OFFICER DIXON AND "JOHN and JANE DOES", of the NEW YORK CITY POLICE DEPARTMENT 105th and/or 113th PRECINCTS, names being fictitious intended to be New York City Police Officers, without any lawful basis and/or just cause, acting under color of law and in their official capacities as New York City Police Officers, forcibly stopped and detained the Plaintiff then, with excessive and unreasonable force, forcibly dragged, pulled, hauled the Plaintiff from inside of the vehicle and thereafter, arrested, detained, falsely imprisoned, hit, beat, struck, battered, assaulted, applied excessive force and injured the Plaintiff including, but not limited to: hitting, punching, striking Plaintiff's face and left cheek with closed fists thereby causing aggravation to/of Plaintiff's left cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and for which the Plaintiff had to undergo facial surgery; bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone; lacerations, severe headaches, pain and suffering, emotional distress and mental anguish. Defendants further falsely imprisoned and falsely arrested Plaintiff TORIAN HYMAN, without a warrant or just/probable cause. As a direct and proximate result therefrom, Plaintiff was caused to be assaulted, battered, punched, hit, struck, detained, falsely arrested, falsely imprisoned and further injured and caused to sustain damages by the deliberate, malicious, intentional, negligent, reckless, careless, reckless, wanton and/or unlawful conduct/actions of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,

NEW YORK CITY POLICE DEPARTMENT OFFICER DIXON, individually and in his official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 105th and 113TH PRECINCTs and "JOHN and JANE DOES", names being fictitious intended to be New York City Police Officers, individually in their official capacity as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates agencies and departments in that they intentionally, maliciously, recklessly and with deliberate indifference to human life, each acting in concert with the other and each acting under the color of law, forcibly restrained, detained, hit, struck, punched, assaulted, battered, falsely imprisoned and falsely arrested Plaintiff while they pushed, shoved, struck, hit, beat, punched, assaulted and/or battered Plaintiff causing Plaintiff to suffer serious physical injuries including, but not limited to: contusion, swelling, bruising, aggravation of a dislocated/fractured left cheek bone, pain and suffering, emotional distress, pain, anguish, false imprisonment, false arrest and was otherwise injured/damaged. After the foregoing conduct, the Defendants, acting under color of law and in concert with each other and in their official capacities as New York City Police Officers, forcibly transported the Plaintiff against his will and without probable cause or a warrant, to the 113th Precinct for arrest processing. After the foregoing conduct, the Defendants, acting under color of law and in concert with each other and in their official capacities as New York City Police Officers, forcibly transported the Plaintiff against his will and without probable cause or a warrant, to Central Booking and, after several hours of unlawfully detaining and confining the Plaintiff to a jail cell, subsequently released the Plaintiff with no charges being filed and no explanation as to why Defendants unlawfully and forcibly engaged in such conduct against him.

3.      The aforementioned Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts are further negligent by failing to and/or inadequately hiring, retaining, supervising, controlling, managing, overseeing, disciplining and/or training their employees/agents, specifically New York City Police Officer Dixon and "John and Jane Does", names being fictitious intended to be New York City Police Officers, each acting in concert with the other and each acting under the color of law. THE CITY OF NEW

YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE
OFFICER DIXON, individually and in his official capacity as a new York City Police Officer, NEW
YORK CITY POLICE DEPARTMENT 105TH and 113TH PRECINCTS and "JOHN and JANE
DOES", names being fictitious intended to be New York City Police Officers, individually and in
their official capacity as New York City Police Officers, their agents, servants, employees, licensees,
contractors subcontractors, employees and other affiliates agencies and departments are further
negligent in failing to prevent, intercede and/or stop the aforementioned New York City Police
Officers from causing Plaintiff to be unlawfully and forcibly detained, pushed, shoved, hit, struck,
punched, beaten, assaulted, battered, forcibly restrained, falsely imprisoned and/or falsely arrested
and further failed to prevent, intercede, and/or stop said Officers from causing Plaintiff to suffer and
sustain damages and injuries including, but not limited to: fracture and/or dislocation of and/or
aggravation of a fracture or dislocation of Plaintiff's left cheek bone, contusions, swelling,
lacerations, severe headaches, emotional distress, pain and suffering and mental anguish.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the within action pursuant to 28 U.S.C. §1343,
federal question jurisdiction. This action is brought pursuant to 42 U.S.C. Sections 1983, 1986 and
1988, the Eighth and Fourteenth Amendments to the United States Constitution, and, the
Constitution and the laws of the State of New York. Jurisdiction is founded upon 28 U.S.C. Sections
1331, 1343(1-4) and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court to
adjudicate pendent state law claims pursuant to 28 U.S.C. Section 1367.

5.      Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. §1391.

## THE PARTIES

6.      That on or about July 14, 2013, and at all times herein mentioned, Plaintiff Torian Hyman
is a resident of the State of New York.

7.      That on or about July 14, 2013 and at all times herein mentioned, the Defendant the City of
New York, was and is a municipal corporation existing by and under the laws of the State of New
York.

8. That on or about July 14, 2013 and at all times herein mentioned, the Defendant the City of New York, was and is a governmental subdivision of the State of New York.

9. That on or about July 14, 2013 and at all times herein mentioned, Defendant the City of New York is the public employer of Defendants New York City Police Department, New York City Police Department 105th and 113th Precincts, New York City Police Officer DIXON and "John and Jane Does", names being fictitious intended to be New York City Police Officers.

10. That on or about July 14, 2013 and at all times herein mentioned, Defendant, the New York City Police Department is an agency of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11. That on or about July 14, 2013 and at all times herein mentioned, Defendant, the New York City Police Department 105TH and 113th Precincts are agencies of Defendants the City of New York and New York City Police Department, existing and operating by virtue of the laws of the State of New York and the City of New York.

12. That on or about July 14, 2013 and at all times herein mentioned, Defendant New York City Police Officer DIXON and "John and Jane Does", are agents, licensees, servants and /or employees of Defendants the City of New York, the New York City Police Department, and the New York City Police Department 105TH and 113th Precincts.

13. That on or about July 14, 2014 and at all times herein mentioned, Defendants "John and Jane Does" are agents, licensees, servants and/or employees of the Defendants the City of New York, the New York City Police Department, and the New York City Police Department 105th and 113th Precincts.

14. In addition to the facts alleged in the foregoing paragraphs and following paragraphs, the individually named Defendants herein in the following subparagraphs are all sued in their individual and official capacities; all acted under color of law and within the scope of their employment, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York and/or the New York City Police Department:

    a. Defendant, New York City Police Officer DIXON, was, at all relevant times, a police officer of the New York City Police Department;

    b. Defendants, "John and Jane Does", same being fictitious and intended to be New York City Police Officers, were, at all relevant times, New York City Police Officers and Police Officers of the 105th and 113th Precincts.

15. That on or about July 14, 2013 and at all times herein mentioned, Defendant, the City of New York owned, operated, managed, controlled, maintained, employed and/or supervised the Defendants the New York City Police Department, the 105th and 113th Precincts of the New York City Police Department, NYPD Officer Dixon and "John and Jane Does".

16. That on or about July 14, 2013 and at all times herein mentioned, Defendant the City of New York owned, operated, managed, controlled, maintained, employed and/or supervised the individual Defendants here in, to wit: New York City Police Officers DIXON and "John and Jane Does."

## NOTICE OF CLAIM

17. Plaintiff, in furtherance of his causes of action, timely filed a timely Notice of Claim against the City of New York in compliance with General Municipal Law Section 50.

18. More than 30 days have elapsed since service of said Notice of Claim and the City of New York has failed to pay or adjust the Plaintiff claim.

19. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## FACTUAL AND GENERAL ALLEGATIONS

20. On or about July 14, 2013, Plaintiff TORIAN HYMAN was lawfully travelling inside a motor vehicle within the vicinity of 140th Avenue and Rockaway Boulevard, Jamaica Queens, New York, State of New York, when POLICE OFFICER DIXON AND "JOHN and JANE DOES", of the NEW YORK CITY POLICE DEPARTMENT 105th and/or 113th PRECINCTS, names being fictitious intended to be New York City Police Officers, without a warrant, and without probable cause and/or any lawful basis, acting under color of law and in their official capacities as New York

City Police Officers, directed the operator of the vehicle, in which Plaintiff was lawfully riding, to pull over. Once the operator of the vehicle in which the Plaintiff was riding complied with the police officers' order, direction, instruction and/or demand and the vehicle came to a stop within the vicinity of 140th Avenue and Rockaway Boulevard, Jamaica Queens, New York, POLICE OFFICER DIXON AND "JOHN and JANE DOES", of the NEW YORK CITY POLICE DEPARTMENT 105th and/or 113th PRECINCTS, names being fictitious intended to be New York City Police Officers, without any lawful basis and/or just cause, acting under color of law and in their official capacities as New York City Police Officers, forcibly stopped and detained the Plaintiff then, with excessive and unreasonable force, forcibly dragged, pulled, hauled the Plaintiff from inside of the vehicle and thereafter, arrested, detained, falsely imprisoned, hit, beat, struck, battered, assaulted, applied excessive force and injured the Plaintiff including, but not limited to: hitting, punching, striking Plaintiff's face and left cheek with closed fists thereby causing aggravation to/of Plaintiff's left cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and for which the Plaintiff had to undergo facial surgery; bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone; lacerations, severe headaches, pain and suffering, emotional distress and mental anguish.

Defendants further falsely imprisoned and falsely arrested Plaintiff TORIAN HYMAN, without a warrant or just/probable cause. As a direct and proximate result therefrom, Plaintiff was caused to be assaulted, battered, punched, hit, struck, detained, falsely arrested, falsely imprisoned and further injured and caused to sustain damages by the deliberate, malicious, intentional, negligent, reckless, careless, reckless, wanton and/or unlawful conduct/actions of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT OFFICER DIXON, individually and in his official capacity as a New York City Police Officer, NEW YORK CITY POLICE DEPARTMENT 105th and 113TH PRECINCTs and "JOHN and JANE DOES", names being fictitious intended to be New York City Police Officers, individually in their official capacity as New York City Police Officers, their agents, servants, employees, licensees, contractors, subcontractors, employees and other affiliates agencies and

departments in that they intentionally, maliciously, recklessly and with deliberate indifference to human life, each acting in concert with the other and each acting under the color of law, forcibly restrained, detained, hit, struck, punched, assaulted, battered, falsely imprisoned and falsely arrested Plaintiff while they pushed, shoved, struck, hit, beat, punched, assaulted and/or battered Plaintiff causing Plaintiff to suffer serious physical injuries including, but not limited to: contusion, swelling, bruising, aggravation of a dislocated/fractured left cheek bone, pain and suffering, emotional distress, pain, anguish, false imprisonment, false arrest and was otherwise injured/damaged. After the foregoing conduct, the Defendants, acting under color of law and in concert with each other and in their official capacities as New York City Police Officers, forcibly transported the Plaintiff against his will and without probable cause or a warrant, to the 113th Precinct for arrest processing. After the foregoing conduct, the Defendants, acting under color of law and in concert with each other and in their official capacities as New York City Police Officers, forcibly transported the Plaintiff against his will and without probable cause or a warrant, to Central Booking and, after several hours of unlawfully detaining and confining the Plaintiff to a jail cell, subsequently released the Plaintiff with no charges being filed and no explanation as to why Defendants unlawfully and forcibly engaged in such conduct against him.

21. That on or about July 14, 2013 and at all times herein mentioned, Defendants New York City Police Officer Dixon and "John and Jane Does", all acting in concert with the other, all acting within the scope of their employment with Defendants and all acting under the color of law, assaulted, battered, hit, beat, struck, punched and/or used excessive force against Plaintiff Torian Hyman causing injuries/damages including, but not limited to: contusions, swelling, bruising, a fractured/dislocated left cheekbone, aggravation of a fractured/dislocated left cheekbone, mental anguish, shock, pain and suffering and emotional distress (both intentional and negligent). Defendants New York City Police Officer Dixon and "John and Jane Does" further falsely detained, falsely arrested and/or falsely imprisoned Plaintiff Torian Hyman.

22. That on or about July 14, 2013 and at all times herein mentioned, Defendants New York City Police Officer DIXON and "John and Jane Does", all acting in concert with the other, all

acting within the scope of their employment with Defendants the City Of New York, New York City Police Department and the New York City Police Department 105th and 113th Precincts, and all acting under the color of law, caused Plaintiff, as a further direct and proximate result of the Defendants' intentional, malicious, reckless, careless, wanton, negligent, grossly negligent and/or unlawful actions, conduct and/or omissions, to incur and to continue to incur damages for loss of earnings, medical expenses and other related expenses and/or losses for which Plaintiff claims damages herein.

23.    That the Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts were negligent by failing to and/or inadequately hiring, retaining, managing, controlling, governing, overseeing, supervising, disciplining and/or training their employees/agents, specifically New York City Police Department Officer DIXON and "John and Jane Does" and by further failing to prevent, intercede and/or stop the aforementioned individual Defendant officers from unlawfully using unreasonable and excessive force against Plaintiff by forcibly restraining, detaining and falsely imprisoning Plaintiff against his will while they harassed, pushed, shoved, struck, hit, beat, punched, assaulted, and/or battered Plaintiff causing Plaintiff to sustain and suffer serious physical injuries including, but not limited to: fracturing/dislocating Plaintiff's left cheekbone, aggravation of a fractured/dislocated left cheekbone, swelling, bruising, contusions, damage to Plaintiff' face, pain and suffering, mental anguish, shock and/or emotional distress (both intentional and negligent).

24.    The actions of all individual Defendants were performed under color of law, in concert with one another and within the scope of their employment and authority and, for those acts, the Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts are liable under the doctrine of *respondeat superior*.

25.    The actions, conduct and/or omissions by all of the individual Defendants were intentional, deliberate, malicious, negligent, reckless, careless and/or wanton.

26.    The actions, conduct and/or omissions by all of the Defendants violated Plaintiff's clearly established rights under the Eighth and Fourteenth Amendments of the Constitution of the

United States of America, are in violation of the Constitution and the laws of the State of New York and are the direct and proximate cause of the physical injuries, psychological/emotional injuries and other related damages/losses sustained and suffered by the Plaintiff herein.

27.     The actions of all of the Defendants were intentional, malicious, reckless, wanton and egregious, giving rise to punitive damages as against all Defendants with the exception of the municipality.

## DAMAGES

28.     As a direct and proximate result of the foregoing acts, conduct and/or omissions of the Defendants, the Plaintiff suffered the following injuries and damages:

a.      Violation of his rights under the Eighth and Fourteenth Amendments of the Constitution of the United States, Article One, Section Twelve of the New York State Constitution and laws of the State of New York;

b.      Physical injuries, pain and suffering, extreme fear, emotional and psychological injuries, trauma, mental anguish, loss of enjoyment of life, emotional distress (both intentional and negligent), loss of earnings, medical expenses;

c.      Damages pursuant to 42 U.S.C. §§1983, 1986 and 1988; and

d.      Punitive damages.

29. The physical, emotional and/or psychological consequences suffered and sustained by Plaintiff as a direct result of the Defendants' actions, conduct and/or omissions continue to date and, upon information and belief, will continue into the future.

## CAUSES OF ACTION

### COUNT I

### 42 U.S.C. Section 1983—UNREASONABLE AND EXCESSIVE FORCE

30.     Paragraphs 1-29 are incorporated by reference herein as though more fully set forth herein.

31.     By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiff of his constitutional right to be free from excessive and

unreasonable force by intentionally, maliciously and with deliberate indifference to human life, beating, striking, hitting, punching, battering and/or assaulting Plaintiff without justification, causing injuries/damages including, but not limited to: fracturing/dislocating Plaintiff's left cheekbone, damage to his face, aggravation of his fractured cheekbone which occurred from a previous assault where the Plaintiff was a victim and in which the Plaintiff sustained serious facial injuries requiring surgery, contusions, swelling, bruising, pain and suffering, false arrest, false imprisonment, mental anguish, shock and emotional distress (both intentional and negligent).

32.      By their actions, conduct and/or omissions, all of the Defendants named herein, acting under color of law, deprived Plaintiff of his constitutional right to be free from excessive and unreasonable force by further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

33.      Plaintiff claims damages herein for the injuries set for above.

## COUNT II

## 42 U.S.C. Section 1983—EIGHTH AND FOURTEETH AMENDMENT VIOLATIONS

34.      Paragraphs 1-33 are incorporated by reference as though more fully set forth herein.

35.      Defendants, acting under color of law, deprived the Plaintiff of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process and equal protection under the law.

36.      Each and every of the Defendants' racial animus was expressed by their actions, conduct and/or omissions, individually and collectively, in intentionally and maliciously beating, striking, punching and/or assaulting Plaintiff without justification including, but not limited to: causing aggravation of Plaintiff's left cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, damage to Plaintiff's face, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, lacerations, severe headaches, emotional distress, pain and suffering, mental anguish,

false arrest/detaining/imprisonment of Plaintiff, shock and emotional distress (both intentional and negligent), causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

37.     Plaintiff claims damages for the injuries set forth above.

## COUNT III

### 41 U.S.C. Section 1983—CONSPIRACY

38.     Paragraphs 1-37 are incorporated by reference as though more fully set forth herein.

39.     The individual Defendants, acting under color of law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass, intimidate, beat, batter and/or assault the Plaintiff, denying him the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from cruel and unusual punishment and to be free from unreasonable and excessive force.

40.     The individual Defendants, acting under color of law, conspired with each other to undertake a course of conduct to intentionally and maliciously beat, strike, hit, punch, batter and/or assault Plaintiff, without justification causing injuries/damages including, but not limited to: causing aggravation of Plaintiff's left cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, damage to his face, contusions, swelling, lacerations, severe headaches, pain and suffering, mental anguish and/or fracturing/dislocating his cheekbone, false arrest/detaining/imprisonment of Plaintiff, shock, and emotional distress (both intentional and negligent), requiring Plaintiff to undergo medical care/treatment therefore and further causing Plaintiff to incur, and to continue to incur damages for loss of earnings, medical expenses and other related expenses and/or losses for which Plaintiff claims damages herein in violation of Plaintiff's constitutional right including the right to due process, to be free from cruel and unusual punishment and to be free from excessive and unreasonable force.

41.     Plaintiff claims damages for the injuries set forth above.

## COUNT IV
### 42 U.S.C. Section 1983—SUPERVISORY LIABILITY

42.     Paragraphs 1-41 are incorporated by reference as though more fully set forth herein.

43.     The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to oversee the actions/conduct of each other.

44.     The Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precinct were, at all relevant times herein, responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every New York City Police Department Officer and, in particular, Defendants New York City Police Officer's DIXON and "John Does" herein named.     45.

The Defendants, the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precinct were, at all relevant times herein, responsible for the hiring, training, instructing, supervising, managing, controlling, overseeing and/or disciplining of Defendants New York City Police Officer DIXON and "John Does" who intentionally and maliciously battered, beat and/or assaulted Plaintiff causing injuries/damages including, but not limited to: causing aggravation of Plaintiff's cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, contusions, swelling, lacerations, severe headaches, emotional distress, pain and suffering, mental anguish, false arrest/detaining/imprisonment of Plaintiff, shock and emotional distress (both intentional and negligent) and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses and other related expenses and/or losses for which Plaintiff claims damages herein, and, otherwise violated the constitutional rights of the Plaintiff.

46.     The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants New York City Police Officer DIXON

and "John and Jane Does" would likely occur.

47.     The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and malicious use of excessive force, assault and battery against Plaintiff and to prevent the violation of the constitutional rights of the Plaintiff. Had the Defendants taken appropriate action and/or exercised their duty in a reasonable and not in a negligent manner, the violation of Plaintiff's constitutional rights would not have occurred.

48.     The failure of the Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts, in failing to screen, supervise, train, manage, control, oversee and/or discipline Defendants New York City Police Officer DIXON and "John and Jane Does" directly and proximately caused injury to the Plaintiff.

49.     By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts deprived Plaintiff of his constitutional right including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

50.     By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants New York City Police Officer DIXON and "John and Jane Does" deprived Plaintiff of his constitutional right including, but not limited to, the right to be free from excessive and unreasonable force, his right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process which directly and proximately caused injury to the Plaintiff.

51.     Plaintiff claims damages for the injuries set forth above.

## COUNT V

### 42 U.S.C. Section 1983-MONEL CLAIM

52.     Paragraphs 1-51 are incorporated by reference as though more fully set forth herein.

53. Prior to July 14, 2013, Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts, through their official policy-makers, developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens; the very policies and customs which caused the violation of Plaintiff's constitutional rights herein.

54. It was the policy and/or custom of Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts to inadequately and improperly investigate the civilian complaints of police officers' misconduct including allegations of excessive force. Instead, acts of racism and harassment were tolerated by Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts. The foregoing Defendants have substantially failed to investigate and intentionally, and with deliberate indifference, failed to discipline police officers that violated the constitutional rights of citizens.

55. It was the policy and/or custom of Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts to inadequately and improperly screen and hire police officers who are known, or with reasonable diligence should be known, to possess violent and racist propensity and/or the propensity to assault and/or use excessive force against citizens. The foregoing Defendants have substantially failed to screen and reject such officers.

56. It was the policy and/or customs of the Defendants City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts to inadequately and improperly train and supervise police officers who are known, or with reasonable diligence should be known, to be actively engaged in misconduct by, among other actions/omissions, failing to investigate and punish improper/unlawful conduct of police officers; thereby failing to discourage constitutional violations on the part of its officers, as those visited upon Plaintiff as set forth herein.

57.     Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts have been on notice for years that racism, harassment, assault, battery, use of excessive force and/or violations of citizens' constitutional rights are widespread and that particular reforms need to be implemented.

58.     It was the policy and/or custom of Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts to inadequately screen, hire, train, supervise, manage, control, oversee and/or discipline their officers including those named herein as Defendants; thereby failing to discourage constitutional violations on the part of their officers, as those visited upon Plaintiff as set forth herein.

59.     The City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts as a matter of policy and practice, have, with deliberate indifference, failed to adequately screen for hiring and retention and failed to discipline, train or otherwise supervise officers concerning the rights of citizens; thereby causing the Defendant officers in this case to engage in the unlawful actions, conduct and/or omissions against Plaintiff as described herein.

60.     The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger of harm to citizens like the Plaintiff herein and the need for supplemental or different training, discipline or policies, practices and/or customs of Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts caused their officers, including Defendants New York City Police Officer DIXON and "John and Jane Does", to believe that they can violate the rights of citizens with impunity; foreseeably allowing officers to violate the constitutional rights of citizens such as Plaintiff herein.

61.     As a direct and proximate result of the Defendants' deliberate indifference, Defendants violated Plaintiff's aforementioned constitutional rights and caused the Plaintiff to suffer substantial harm and injury including, but not limited to:

causing aggravation of Plaintiff's fractured/dislocated left cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, damage to his face, severe headaches, pain and suffering, mental anguish, breaking/fracturing Plaintiff 's left cheekbone, shock and emotional distress (both intentional and negligent), and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein and, otherwise violated the constitutional rights of the Plaintiff.

62.     Plaintiff claims damages for the injuries set forth above.

## COUNT VI

### 42 U.S.C. Section 1986 ACTION FOR NEGLECT/FAILURE TO PREVENT

63.     Paragraphs 1-62 are incorporated by reference as though fully set forth herein.

64.     On information and belief, Defendants New York City Police Officer DIXON and the "John and Jane Does", had knowledge and/or information that they did not have/possess the justification, authority and/or permission to unlawfully and forcibly restrain, detain, arrest and/or imprison Plaintiff TORIAN HYMAN while they harassed, pushed, shoved, struck, hit, beat, punched, assaulted, and/or battered Plaintiff causing him injuries including, but not limited to: causing aggravation of Plaintiff's fractured/dislocated left cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, damage to his face, severe headaches, pain and suffering, mental anguish, breaking/fracturing Plaintiff 's left cheekbone, shock and emotional distress (both intentional and negligent), and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein and, otherwise violated the constitutional rights of the Plaintiff.

65.     On information and belief, Defendants New York City Police Officer DIXON and the "John and Jane Does" named herein, each individually and collectively, had the power and authority to prevent the others individually and/or collectively from engaging in the aforementioned actions

conduct and/or omissions against the Plaintiff and each Defendant, individually and acting in concert with the other, willfully, intentionally and/or negligently neglected and refused to prevent the other from engaging in the aforementioned acts/conduct/omissions.

66.     The Defendants' willful and deliberate failure to act when they each had a duty to do so was the actual and proximate cause of the injuries and damages Plaintiff suffered and continues to suffer.

67.     Plaintiff claims damages for the injuries set forth above.

**COUNT VII**

68.     Paragraphs 1-67 are incorporated by reference as though more fully set forth herein.

69.     By their conduct under color of state law, it is believed that Defendants New York City Police Officer DIXON and the "John and Jane Does" named herein each individually and collectively, had opportunities to intercede on behalf of Plaintiff to prevent the unreasonable and excessive force used against Plaintiff and to prevent the other violations of the constitutional rights of the Plaintiff but, due to Defendants' intentional conduct and/or deliberate indifference, Defendants declined or refused to do so.

70.     As a direct and proximate result of Defendants' conduct, acts and/or omissions, Plaintiff suffered the injuries and damages set forth and described above.

71.     Plaintiff claims damages for the injuries set forth above.

**PENDENT STATE CLAIMS**

**COUNT VIII**

72.     Paragraphs 1-71 are incorporated by reference as though more fully set forth herein.

73.     The individual Defendants, under color of law, conspired with each other to undertake a course of conduct to falsely detain, false arrest, arrest, falsely imprison, beat, strike, hit, punch, assault and/or batter Plaintiff, with the intent of denying Plaintiff the equal protection of the laws of the State of New York and the United States of America.

74.    By their actions/omissions, as set forth above, Defendants committed the unlawful use of excessive and unreasonable force, cruel and unusual punishment, assault, battery, false arrest, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, outrageous conduct, negligence, gross negligence, negligent hiring, negligent retention and negligent supervision under the laws of the State of New York.

75.    At all times herein mentioned, the foregoing unlawful conduct, acts and/or omissions by Defendants against Plaintiff was without justification or cause, without permission and/or authority and was committed forcibly, unlawfully and against the Plaintiff's will.

76.    All of the foregoing occurred without fault and/or provocation on the part of the Plaintiff herein.

77.    At all relevant times herein, Defendants New York City Police Officers DIXON and the "John and Jane Does" officers named herein were employees of Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts and, as such, the City of New York is liable under the doctrine of *respondeat superior* for their tortuous actions, conduct and/or omissions.

78.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

79.    Plaintiff claims damages for the injuries set forth above.

## COUNT IX

80.    Paragraphs 1-79 are incorporated by reference as though more fully set forth herein.

81.    The Defendants engaged in extreme and outrageous conduct intentionally causing Plaintiff severe emotional distress.

82.    The Defendants placed Plaintiff in fear of his physical safety and, as such, negligently and recklessly caused Plaintiff to suffer emotional distress.

83.    Defendants, their officers, agents, servants, and/or employees were responsible for the

intentional and/or negligent infliction of emotional distress suffered by the Plaintiff.

84.    Defendants New York City Police Officer DIXON and the "John and Jane Does" officers named herein were at all times herein mentioned agents, servants, and/or employees acting within the scope of their employment and under the color of law with Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts in intentionally and/or negligently causing Plaintiff to suffer emotional distress.

85.    Defendants the City of New York, the New York City Police Department, and the New York City Police Department 105th and 113th Precincts were and are responsible for the hiring, retention, supervision, management and/or control of the foregoing individual Defendants herein and, as such, are liable pursuant to *respondeat superior* for the acts, conduct and/or omissions of the foregoing individual Defendants named herein.

86.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

87.    Plaintiff claims damages for the injuries set forth above.

## COUNT X

88.    Paragraphs 1-87 are incorporated by reference as though more fully set forth herein.

89.    As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and/or employees, and in particular by Defendants New York City Police Officer DIXON and "John Does" officers named herein, placed Plaintiff in apprehension and fear of imminent harmful and/or offensive contact and/or physical injury by including, but not limited to: including but not limited to causing aggravation of Plaintiff's cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, contusions, swelling, lacerations, severe headaches, emotional distress, pain, anguish and/or

causing Plaintiff to suffer/sustain, causing mental anguish, shock, emotional distress (both intentional and negligent) and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claim damages herein.

90.    As a result of the foregoing, Defendants committed assault against Plaintiff herein.

91.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

92.    Plaintiff claim damages for the injuries set forth above.

## COUNT XI

93.    Paragraphs 1-92 are incorporated by reference as though fully set forth herein.

94.    As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and or employees, and in particular Defendants New York City Police Officers DIXON and  "John Does", unlawfully battered Plaintiff by hitting, striking, pushing, shoving, pepper-spraying and/or beating Plaintiff, while Defendants forcibly restrained, detained, falsely arrested and/or falsely imprisoned Plaintiff TORIAN HYMAN against his causing injuries/damages including, but not limited to: causing aggravation of Plaintiff's cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, contusions, swelling, lacerations, severe headaches, emotional distress, pain and suffering, fracturing/dislocating Plaintiff 's left cheekbone, damage to his face, mental anguish, shock and emotional distress (both intentional and negligent); and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

95.    As a result of the foregoing, Defendants committed assault and battery against Plaintiff herein and caused Plaintiff to suffer and sustain serious physical injury.

96.     Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

97.     Plaintiff claims damages for the injuries set forth above.

## COUNT XII

98.     Paragraphs 1-97 are incorporated by reference as though fully set forth herein.

99.     As a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, the Defendants, individually and collectively, and by and through their agents, servants, licensees and/or employees, and in particular by Defendant New York City Police Officer DIXON and "John and Jane Does", unlawfully battered Plaintiff by hitting, striking, assaulting, battering, and/or beating Plaintiff, while Defendants forcibly restrained, detained and/or falsely arrested and imprisoned Plaintiff TORIAN HYMAN against his will including, but not limited to: causing aggravation of Plaintiff's cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, contusions, swelling, lacerations, severe headaches, emotional distress, pain and suffering, fracturing/dislocating Plaintiff 's left cheekbone, damage to his face, mental anguish, shock and emotional distress (both intentional and negligent); and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

103.    That Defendants, in forcibly restraining, detaining, arresting and/or imprisoning Plaintiff TORIAN HYMAN  against his will while they assaulted, battered, punched, hit, beat, struck, and/or used excessive force against Plaintiff, committed false imprisonment and caused Plaintiff to suffer and sustain serious injury.

104.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

105.    Plaintiff claims damages for the injuries set forth above.

## COUNT XIII

106.    Paragraphs 1-105 are incorporated by reference as though more fully set forth herein.

107.    On or about July 14, 2013, and at all times herein mentioned, Defendants owed Plaintiff a duty to be free from unlawful assault, battery, false arrest, false imprisonment, use of excessive force, infliction of emotional distress and physical injury.

108.    That as a result of the foregoing unlawful acts, conduct and/or omissions of the Defendants herein, Defendants breached the duty they owed to Plaintiff.

109.    That Defendants' breach was a direct and proximate cause of Plaintiff's injuries including, but not limited to causing aggravation of Plaintiff's cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, contusions, swelling, lacerations, severe headaches, emotional distress, pain and suffering, fracturing/dislocating Plaintiff 's left cheekbone, damage to his face, mental anguish, shock and emotional distress (both intentional and negligent); and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

110.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

111.    Plaintiff claims damages for the injuries set forth above.

## COUNT XIV

112.    Paragraphs 1-111 are incorporated by reference as though more fully set forth herein.

113.    The Defendants had a duty to supervise, manage, control, oversee and/or police the conduct/actions of each and every other Defendant and had a responsibility to supervise, manage, control and/or oversee the actions/conduct of each other.

114.    The Defendants the City of New York, the New York City Police Department and the

New York City Police Department 105th and 113th Precincts were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of each and every one of their officers and, in particular, Defendants New York City Police Officer DIXON and the "John and Jane Does" herein named.

115.   The Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts were and are, at all relevant times herein, responsible for the hiring, training, retention, instructing, supervising, managing, controlling, overseeing and/or disciplining of their officers and, in particular, Defendants DIXON and "John and Jane Does" who intentionally and maliciously falsely imprisoned, detained, restrained, arrested, beat, hit, struck, punched, battered, assaulted and/or used excessive force against Plaintiff causing injuries/damages including, but not limited to:  causing aggravation of Plaintiff's cheekbone which was fractured in a previous incident in which the Plaintiff was a victim and in which the Plaintiff had to undergo facial surgery, bruising, swelling, contusion and/or a fracture and/or dislocation of Plaintiff's left cheek bone, contusions, swelling, lacerations, severe headaches, emotional distress, pain and suffering, fracturing/dislocating Plaintiff 's left cheekbone, damage to his face, mental anguish, shock and emotional distress (both intentional and negligent); and further causing Plaintiff to incur, and to continue to incur, damages for loss of earnings, medical expenses, and other related expenses and/or losses for which Plaintiff claims damages herein.

116.   The Defendants knew, and/or in the exercise of due diligence and/or their duty, would have known that the conduct/actions/omissions of Defendants New York City Police Officer DIXON and "John and Jane Does" would likely occur.

117.   The Defendants failed to take preventive and/or remedial measures to guard against the unlawful, intentional and/or malicious use of excessive force, false imprisonment, false arrest, assault and/or battery against Plaintiff and to prevent the violation of the constitutional rights of the Plaintiff.  Had the Defendants taken appropriate action and/or exercised their duty in a reasonable manner and not in a negligent and/or intentionally malicious/unlawful; manner, the violation of Plaintiff's constitutional rights would not have occurred.

118.    The failure of the Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts, in failing to and/or improperly screening, supervising, training, managing, controlling, overseeing and/or disciplining Defendants New York City Police Officer DIXON and "John and Jane Does", caused injury to the Plaintiff.

119.    By their conduct/actions/omissions under color of law and in their supervisory position, the Defendants the City of New York, the New York City Police Department, and the New York City Police Department 105th and 113th Precincts deprived Plaintiff of his constitutional rights including the right to be free from excessive and unreasonable force, the right to be free from cruel and unusual punishment, the right to equal protection under the law and the right to due process.

120.    The Defendants the City of New York, the New York City Police Department and the New York City Police Department 105th and 113th Precincts were, at all relevant times herein, negligent in the hiring, retention, training supervision, management and/or control of the individual Defendants named herein.

121.    That the Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages herein.

122.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

123.    Plaintiff claims damages for the injuries set forth above.

## COUNT XV

124.    Paragraphs 1-123 are incorporated by reference as though more fully set forth herein.

125.    As a result of the foregoing unlawful actions, conduct and/or omissions of the Defendants herein the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, failed to intervene and/or prevent the aforementioned unlawful conduct inflicted against

Plaintiff.

126.    As a result of the foregoing, the Defendants, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, displayed a deliberate indifference to human life and, in particular, to Plaintiff's right to be free from excessive and unreasonable force, cruel and unusual punishment, assault, battery, false imprisonment, false arrest and/or excessive force.

127.    That the Defendants' unlawful actions, conduct and/or omissions against Plaintiff is in violation of Plaintiff' rights pursuant to Article One, Section Twelve of the New York State Constitution.

128.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

129.    Plaintiff claims damages for the injuries set forth above.

## COUNT XVI

130.    Paragraphs 1-129 are incorporated by reference as though more fully set forth herein.

131.    The foregoing unlawful acts/conduct/omissions by Defendants against Plaintiff, each individually and collectively, all acting in concert with the other and acting under the color of law, by and through their agents, servants, licensees and/or employees, against Plaintiff were reckless, malicious, intentional, wanton and/or were committed with deliberate and/or reckless indifference to human life and to Plaintiff's rights, life and wellbeing.

132.    As a result of the foregoing, Plaintiff sustained injuries and damages.

133.    Pursuant to 28 U.S.C. Section 1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

134.    Plaintiff claims damages for the injuries set forth above.

135.    As a result of the foregoing, Plaintiff claims punitive damages herein.

## **PRAYER FOR RELIEF**

136.   **WHEREFORE,** Plaintiff, TORIAN HYMAN requests the following relief jointly and severally as against all of the Defendants:

1.  Award compensatory damages in an amount to be determined at trial;

2.  Award punitive damages in an amount to be determined at trial;

3.  Disbursements, costs and attorney's fees; and

4.  For such other further relief to this Court may seem just and proper.

## **PLAINTIFF DEMANDS TRAL BY JURY**

Dated: Jamaica, New York
        March 27, 2014

Respectfully submitted,

STEPHEN L DRUMMOND, ESQ.
DRUMMOND &SQUILLACE, PLLC
Attorneys for the Plaintiff
TORIAN HYMAN
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050

To:

The City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Department
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department
C/O The Comptroller of the City of New York
One Centre Street, Room 1225
New York, New York 10007

New York City Police Department

C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Department
113TH Precinct
167-02 Baisley Blvd. 101st Street
Jamaica, NY 11434

New York City Police Department
105TH Precinct
92-08 222nd Street
Queens Village, NY 11428

New York City Police Officer DIXON
C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Officer DIXON
C/O New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Officer DIXON
C/O 113TH Precinct
167-02 Baisley Blvd. 101st Street
Jamaica, NY 11434

New York City Police Officer DIXON
C/O 105TH Precinct
92-08 222nd Street
Queens Village, NY 11428

New York Police Department 113TH Precinct
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department 113TH Precinct
C/O Corporation Counsel
100 Church Street
New York, New York 10007

New York City Police Department 105th Precinct
New York City Police Department Headquarters
One Police Plaza
New York, New York 10038

New York City Police Department 105TH Precinct
C/O Corporation Counsel
100 Church Street
New York, New York 10007

## ATTORNEY'S VERIFICATION

STEPHEN L. DRUMMOND, an attorney duly admitted to practice before the Courts of the State of New York and the United States District Court, Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff TORIAN HYMAN. I have read the annexed **SUMMONS IN CIVIL ACTION,** **COMPLAINT** and **JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:      Jamaica, New York
               March 27, 2014

                                       STEPHEN L. DRUMMOND, ESQ.